UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN BURNWORTH, <br><br> Plaintiff, <br><br> v. <br><br> DR. HORNADAY, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-12-RLM-MGG |

OPINION AND ORDER

Ryan Burnworth, a prisoner without a lawyer, filed a complaint regarding his dental treatment at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Burnworth alleges that, on October 2, 2019, he went to see Dr. Hornaday for a tooth extraction. At 9:15 a.m., Dr. Hornaday began his attempt to extract the tooth, and Mr. Burnworth told him that that the local anesthetic was ineffective and that he felt pain. At 9:45 a.m., Dr. Hornaday administered

more local anesthetic and continued his efforts to extract the tooth until 10:30 a.m., while Mr. Burnworth continued to feel pain from the extraction efforts. Dr. Hornaday then called his colleague, Dr. Olinger, for assistance. At 11:00 a.m., Dr. Olinger administered local anesthetic and began his attempt to extract the tooth, and Mr. Burnworth continued to feel pain. At 11:30 a.m., Dr. Olinger extracted the tooth and Mr. Burnworth felt something break in his face. Mr. Burnworth didn't receive any treatment for pain until 9:30 p.m. On October 7, Dr. Hornaday stitched the wound in Mr. Burnworth's mouth and notice a hole in Mr. Burnworth's sinus cavity as he did so. On October 9, Dr. Hornaday sent Mr. Burnworth to an oral surgeon, who diagnosed him with a broken and infected sinus cavity. Upon his return, Dr. Marandet refused to provide him with pain medication despite his complaints of significant pain.

Mr. Burnworth asserts an Eighth Amendment claim of deliberate indifference against Dr. Hornaday and Dr. Olinger for their inadequate dental treatment from October 2-9, 2019. He also asserts a claim against Dr. Marandet for not providing him with pain medication after his August 9 return to the Miami Correctional Facility. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A "serious" medical need is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Based on the allegations in the complaint, Mr. Burnworth states a plausible Eighth Amendment claim against these defendants.

Mr. Burnworth also names Wexford Medical as a defendant. Corporate entities "cannot be held liable under § 1983 on a *respondeat superior* theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Id. A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." Id. Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." Johnson v. Cook Cty., 526 F. App'x 692, 695 (7th Cir. 2013). Because Mr. Burnworth does not identify a policy or practice of Wexford Medical that resulted in a violation of his constitutional rights, he may not proceed against this defendant.

As a final matter, Mr. Burnworth filed a letter asking the court to provide him with a list of attorneys who are available to take his case. The court declines to assist litigants with recruiting counsel absent a showing that they have made a reasonable attempt to obtain counsel on their own and that they are incompetent to litigate their case. See Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). Therefore, Mr. Burnworth's request for a list of attorneys is denied.

For these reasons, the court:

(1) GRANTS Ryan Burnworth leave to proceed on an Eighth Amendment claim for money damages against Dr. Hornaday and Dr. Olinger for acting with deliberate indifference to a serious medical need by providing inadequate dental treatment from August 2, 2019, to August 9, 2019;

(2) GRANTS Ryan Burnworth leave to proceed on an Eighth Amendment claim for money damages against Dr. Marandet for acting with deliberate indifference to a serious medical need by not providing him with pain medication after his return to the Miami Correctional Facility on August 9, 2019;

(3) DISMISSES Wexford Medical;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dr. Hornaday, Dr. Olinger, and Dr. Marandet at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of

birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Hornaday, Dr. Olinger, and Dr. Marandet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Ryan Burnworth has been granted leave to proceed in this screening order.

SO ORDERED on August 12, 2020

                                                   s/ Robert L. Miller, Jr.
                                                   JUDGE
                                                   UNITED STATES DISTRICT COURT