UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN BURNWORTH, <br><br> Plaintiff, <br><br> v. <br><br> HORNADAY, OLINGER, and MERENDET, <br><br> Defendants. | CAUSE NO. 3:20-CV-12-RLM-MGG |

OPINON AND ORDER

Ryan Burnworth, a prisoner without a lawyer, is proceeding in this case on a claim "against Dr. Hornaday and Dr. Olinger for acting with deliberate indifference to a serious medical need by providing inadequate dental treatment from [October] 2, 2019, to [October] 9, 2019[, and a claim] "against Dr. Marandet for acting with deliberate indifference to a serious medical need by not providing him with pain medication after his return to the Miami Correctional Facility on [October] 9, 2019 . . .."[1] ECF 16 at 4. The defendants moved for summary judgment arguing Mr. Burnworth didn't exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). ECF 30.

Prisoners can't bring suit in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. §

---

[1] The order lines of the screening order mistakenly stated these events happened in August, rather than October. Neither party objected to the screening order, but the complaint alleged these events occurred in October and all parties briefed the summary judgment motion based on that understanding.

1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Our court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A court deciding whether a genuine issue of material fact exists must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence

2

she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

The parties don't dispute either the existence or terms of the grievance policy. They don't dispute the claims raised in this case were grievable or that Mr. Burnworth filed a formal grievance which was denied[2] on November 21, 2019. They don't dispute that to properly exhaust, Mr. Burnworth was required to appeal that denial. Neither do they dispute that he didn't appeal.

The dispute is whether Mr. Burnworth knew or had reason to know the grievance policy required him to appeal. "[W]hen administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." Pavey v. Conley, 663 F.3d 899, 905 (7th Cir. 2011). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). "A prisoner is required to exhaust only available administrative remedies and a remedy is not available if essential elements of the procedure for obtaining it are concealed." Hurst v. Hantke, 634 F.3d 409, 411 (7th Cir. 2011) (quotation marks and citation omitted). "When jail personnel mislead inmates about how to invoke the procedure the inmates can't be blamed for failing to

---

[2] The defendants argue the grievance was untimely, but the grievance policy permits the acceptance of an untimely grievance. ECF 32-1 at 22. Grievance Specialist Shawna Morson declared under penalty of perjury she accepted the grievance and denied it. ECF 32-1 at 7-8. Because the grievance was not rejected as untimely, the timeliness of the grievance is not an issue in this case.

3

invoke it." Swisher v. Porter Cty. Sheriff's Dep't, 769 F.3d 553, 555 (7th Cir. 2014). So too if prison inmates are not adequately informed of the grievance process.

Mr. Burnworth says in his response, "plaintiff had no knowledge that he or anyone was allowed to appeal a grievance."[3] ECF 36 at 2 (capitalization edited). Grievance Specialist Shawna Morson declared,

> As an inmate incarcerated with the Indiana DOC, the Offender Grievance Process was available to Ryan Burnworth (IDOC# 137139) while incarcerated at MCF. The purpose of the Offender Grievance Process is to provide an administrative process by which inmates may resolve concerns and complaints relating to their conditions of confinement. The Admission & Orientation Documentation for offenders entering the facility includes documentation on the Offender Grievance Process. A copy of the Offender Grievance Policy is available in the MCF law library.

ECF 32-1 at 4 (citation omitted). Mr. Burnsworth said he never saw the Offender Grievance Process until this lawsuit. These contradictory statements create a genuine dispute as to whether Mr. Burnworth was adequately notified of the rules for filing a grievance. If he didn't know how to file a grievance because he was never informed of the procedure for doing so, then the grievance system was unavailable to him. If he knew the grievance system rules, then it is undisputed he didn't follow them because he did not appeal the denial of his formal grievance.

Based on the record before the court, the summary judgment motion must be denied. Resolving whether Mr. Burnworth was adequately informed of the appeal

---

[3] The defendants object that Mr. Burnworth's statement is not made in the form of either an affidavit or declaration. ECF 37 at 2. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Federal Rule of Civil Procedure 56(c)(2). The defendants do not argue this statement *cannot* be presented in an admissible form. They merely argue it was not presented in such a form. What Mr. Burnworth knew is within his personal knowledge and could be presented in a form that would be admissible into evidence.

4

requirement of the grievance process would require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). If the defendants want to continue to pursue the affirmative defense of exhaustion, they must ask for a *Pavey* hearing.

For these reasons, the court:

(1) AMENDS the screening order (ECF 16) to clarify these claims arose in October 2019;

(2) DIRECTS the clerk to edit the docket entry (ECF 16) to note this amendment;

(3) DENIES the motion for summary judgment (ECF 30), and

(4) ORDERS the defendants to file a notice within fourteen days of this order either withdrawing the exhaustion defense or asking for a hearing pursuant to Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008).

SO ORDERED on July 20, 2021

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT