UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN BURNWORTH,<br><br>     Plaintiff,<br><br>     v.<br><br>HORNADAY, OLINGER, and MERENDET,<br><br>     Defendants. | CAUSE NO. 3:20-CV-12-RLM-MGG |

OPINION AND ORDER

Ryan Burnworth, a prisoner without a lawyer, is proceeding in this case on a claim "against Dr. Hornaday and Dr. Olinger for acting with deliberate indifference to a serious medical need by providing inadequate dental treatment from [October] 2, 2019, to [October] 9, 2019," and a claim "against Dr. Marandet for acting with deliberate indifference to a serious medical need by not providing him with pain medication after his return to the Miami Correctional Facility on [October] 9, 2019[.]" ECF 16 at 4; ECF 38 at 5.

The defendants moved for summary judgment, arguing Mr. Burnworth did not exhaust his administrative remedies at Miami Correctional Facility before filing this lawsuit because he never appealed the denial of his formal grievance. "[W]hen administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." Pavey v. Conley, 663 F.3d 899, 905 (7th Cir. 2011). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). "A prisoner is

required to exhaust only available administrative remedies and a remedy is not available if essential elements of the procedure for obtaining it are concealed." Hurst v. Hantke, 634 F.3d 409, 411 (7th Cir. 2011) (quotation marks and citation omitted).

In support of their summary judgment motion, the defendants attached an affidavit from the Miami Correctional Facility Grievance Specialist, who attested that: (1) the Offender Grievance Policy provides information about the grievance appeal requirement; (2) Mr. Burnworth received "documentation" on the Offender Grievance Policy when he arrived at the facility; and (3) the Offender Grievance Policy was available to Mr. Burnworth in the facility's law library.

Mr. Burnworth's response says he never saw the Offender Grievance Policy before filing this lawsuit and had no knowledge that he could appeal his grievance. Mr. Burnworth says he was only supplied with an "Offender Handbook" when he arrived at Miami Correctional Facility, which discussed the grievance process but didn't address the appeal requirement. Mr. Burnworth asserted the Offender Handbook only stated:

> You will not face retaliation for accessing the Offender Grievance Process. If you misuse the Offender Grievance Process, the number of grievances you may have in process may be limited. Whenever possible, your concerns should be answered by staff informally without having to use the formal written grievance. Contact your case manager for your informal grievances. The department has a way for you to bring issues concerning your complaints about things affecting you to staff. The way to bring these concerns or complaints to staff is through the Offender Grievance Process. This will provide a way for you to express your concerns and complaints and have them answered by staff. You and the staff you have contact with are to work together to resolve your concerns as quickly as possible.

2

ECF 36, at 2-3. Mr. Burnworth didn't dispute the Offender Grievance Policy was available to him at the prison law library, but rather asserted he only knew the information provided in the Offender Handbook. *Id.* The defendants replied that Mr. Burnworth received "documentation" of the Offender Grievance Policy when he entered the facility, which put him on notice of the grievance appeal requirement. ECF 37 at 2-3.

This court denied the defendants' summary judgment motion, concluding that whether Mr. Burnworth was adequately informed of the appeal requirement would require a *Pavey*[1] hearing. This court concluded that based on the language Mr. Burnworth provided from the Offender Handbook, there was a "genuine dispute as to whether Mr. Burnworth was adequately notified of the rules for filing a grievance." *Id.* at 4. This court then granted the defendants' motion for a *Pavey* hearing, which has yet to be scheduled.

In preparation for the *Pavey* hearing, this court entered an order instructing the parties to file status reports identifying the genuine disputes to be resolved and listing the exhibits likely to be presented. ECF 41. On September 10, 2021, Mr. Burnworth filed his status report, which includes a fuller quotation from his Offender Handbook. ECF 43. Specifically, Mr. Burnworth cites the following language from his Offender Handbook:

> You will not face retaliation for accessing the Offender Grievance Process. If you misuse the Offender Grievance Process, the number of grievances you may have in process may be limited. Whenever possible, your concerns should be answered by staff informally without having to use formal written grievance. Contact your case worker/case manager

---

[1] Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008).

>   for your facilities procedures for informal grievance. The Department has a way for you to bring issues concerning your complaints about things affecting you to staff. The way to bring concerns or complaints to staff is through the Grievance Process. This will provide a way for you to express your concerns and complaints and have them answered by staff. The use of this process is not to take place of you talking to staff to try and resolve your problems or concerns. You and staff you have contact with are to work together to resolve your concerns as quickly as possible. <u>Reference: Policy 00-02-301 Offender Grievance Process</u>.

*Id*. at 2 (emphasis added). ECF 36Mr. Burnworth quoted the Offender Handbook in his response to the summary judgment motion, he didn't include the underlined reference to the Offender Grievance Process. *See* ECF 36 at 2-3. Based on the full quotation, it is clear Mr. Burnworth's Offender Handbook referred him to a full copy of the Offender Grievance Policy, which was available to Mr. Burnworth at MCF's library. *See* ECF 32-1 at 4. Thus, even accepting that Mr. Burnworth had no actual knowledge of the grievance appeal requirement, it's undisputed he had knowledge of, and access to, the full Offender Grievance Policy in the law library, which contained information about the grievance appeal requirement. *See* ECF 32-1 at 4, 15, 23-25. Accordingly, because it is undisputed Mr. Burnworth had unobstructed access to information about the Offender Grievance Policy's appeal requirement, there is no evidence the grievance process was effectively unavailable to him. *See* <u>Woodford v. Ngo</u>, 548 U.S. at 102; <u>Hurst v. Hantke</u>, 634 F.3d at 411.

A *Pavey* hearing no longer is necessary. The defendants' summary judgment motion must be GRANTED, and Mr. Burnworth's claims must be DISMISSED.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 30); and

4

(2) DIRECTS the clerk to enter judgment in favor of the defendants and to close this case.

SO ORDERED on September 29, 2021

                                             /s/ Robert L. Miller, Jr.
                                             JUDGE
                                             UNITED STATES DISTRICT COURT